**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Martin Stumpo, | No. CV-22-01683-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Vincent Stumpo's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. The Court now addresses Plaintiff's Opening Brief (Doc. 11, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 10, R.) and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 13-22) as upheld by the Appeals Council (R. at 1-6).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on July 11, 2019, for a period of disability beginning on March 1, 2019. (R. at 13.) His claim was denied initially on October 15, 2019, and upon reconsideration on April 3, 2020. (*Id.*) On January 26, 2021, Plaintiff appeared telephonically before an ALJ. (*Id.*) During the hearing, Plaintiff amended the alleged onset date to March 31, 2018. (*Id.*) On July 27, 2021, the ALJ denied

Plaintiff's claim. (R. at 13-22.) And on August 9, 2022, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1-6.)

The Court has reviewed the record and will discuss pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the severe impairments of benign fasciculation cramp syndrome, degenerative disc disease, hemicrania, and cervical disc degeneration. (R. at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 22.) In so doing, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 16.) The ALJ found that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can walk for up to one hour at a time, stand for up to two hours at a time and sit for four hours at a time. In an 8-hour workday with normal breaks, he can occasionally lift and/or carry up to 50 pounds and frequently up to 20 pounds, walk for a total of two hours, stand for a total of four hours and sit for a total of six hours. He can frequently use his bilateral upper extremities for reaching, handling, fingering, feeling, pushing, or pulling. He can occasionally use his bilateral lower extremities for repetitive motions such as with the operation of foot controls. He can occasionally climb ramps or stairs, but never climb ladders or scaffolds. He can frequently balance, stoop, kneel, crouch, or crawl. He must work in an environment where he has no exposure to hazards, like unprotected heights and where he has no more than frequent exposure to hazards like moving dangerous machinery and operating a motor vehicle. He must work in an environment where he only has occasional exposure to humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme cold, extreme heat, or vibrations. He must work in an environment where the noise level does not exceed moderate as what is usual for an office environment.

(R. at 17-18.) Accordingly, the ALJ found that Plaintiff can perform past relevant work as a principal and headmaster. (R. at 22.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. Id. To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." Id. Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. *Id*. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id*.

If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

## III.   ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred by picking and choosing limitations from Dr. William Biles' medical opinion; (2) the ALJ erred by failing to provide clear and convincing reasons for discrediting Plaintiff's symptom testimony; and (3) the ALJ erred by assigning an incomplete RFC.

### A.   The ALJ Did Not Err in Evaluating the Medical Opinion Evidence of Dr. Biles.

The Ninth Circuit no longer accords special deference to a treating or examining physician. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F.4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide

an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that "[t]he agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *Id.* at 792 (citing 20 C.F.R. § 404.1520c(b), (b)(2)).

On February 20, 2021, consulting physician Dr. Biles responded to a request from the ALJ to provide a written opinion on Plaintiff's case. (R. at 607-18.) Dr. Biles provided his opinion on Plaintiff's physical impairments based on his review of the evidence. (*Id.*) Dr. Biles opined in part that Plaintiff is able to occasionally lift and carry 50 pounds, frequently lift and carry 20 pounds, sit for four hours at a time (for a total of six hours in an eight-hour workday), stand for two hours at a time (four hours in a workday), and walk for one hour at a time (two hours in a workday). (R. at 613.) The RFC was consistent with Dr. Biles's opinion. (R. at 17-18, 609-18.)

On April 4, 2021, Dr. Biles responded to interrogatories from Plaintiff and addressed Plaintiff's questions about symptom flare-ups and drowsiness. Specifically, he stated, "I also considered that 'his flare-ups only last days rather than weeks or months'", and "Yes, the medication could cause drowsiness." (R. at 637.) Dr. Biles concluded that no changes were necessary to his written opinion from February. (*Id.*)

Plaintiff argues that the ALJ erred by not addressing Dr. Biles's opinions about Plaintiff's symptom flare-ups and fatigue. Specifically, Plaintiff argues that the ALJ should have taken Dr. Biles' statements into account when determining the RFC, and that the RFC should have the limitation of a one-hour nap per month and a day off work per month due to fatigue and flare-ups.

The Court rejects Plaintiff's argument. Dr. Biles specifically stated that he took Plaintiff's flare-ups into account in his written opinion. (R. at 637.) Importantly, after answering Plaintiff's interrogatories, Dr. Biles stated that no changes to his prior written opinion were necessary. (*Id.*) In Dr. Biles's initial response to the ALJ, he included limitations in the RFC that are consistent with those that would be necessary given

Plaintiff's condition. (R. at 613.) For example, Dr. Biles opined that Plaintiff could walk only for one hour at a time during an eight-hour workday. (*Id.*) The ALJ found Dr. Biles's testimony persuasive and consistent with the medical evidence, and used it in determining the RFC. (R. at 20-21.) Given Dr. Biles's answer to the interrogatory, there is no evidence that the ALJ did not consider the entirety of the doctor's responses.

### B. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.* "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

The ALJ discredited Plaintiff's testimony based on Plaintiff's reported daily activities, medical evidence, and statements regarding treatment. (R. at 18-20.) Plaintiff argues that the ALJ did not have clear and convincing reasons for discrediting Plaintiff's testimony. (Pl. Br. at 12.) Plaintiff contends that his reported daily activities were consistent with his reported symptoms, his symptoms were consistent with medical evidence, and the ALJ failed to cite to evidence that Plaintiff reported that his treatment was ineffective. (Pl. Br. at 19.)

The ALJ found that Plaintiff's reported activities conflicted with Plaintiff's reported symptoms. (R. at 20.) The ALJ cited to medical records from 2019 in which Plaintiff reported that he could "still run at his normal pace . . . and . . . could run half a mile before he was fatigued and sore." (R. at 20.) During the hearing, Plaintiff reported that in the same time period, "there was a six-month period . . . that I just didn't go upstairs . . . it was just too painful." (R. at 47.) The ALJ noted that Plaintiff's reported activities "indicate a higher degree of functioning and ability to concentrate than alleged." (R. at 20.) Therefore, the ALJ's finding that Plaintiff's activities conflicted with Plaintiff's symptoms was reasonable and supported by substantial evidence.

The ALJ also found that Plaintiff's reported symptoms were not consistent with the medical evidence. (R. at 19.) Specifically, the ALJ cited medical exam results that suggested more mild impairments than those reported by Plaintiff. (R. at 19.) For example, the ALJ stated, "[T]he record shows that the claimant's lumbar spine only had reduced range of motion, but that the claimant had normal sensations, reflexes, and motor strength . . . on exam, aside from hyperreflexia in the lower extremities, the claimant had normal cranial nerve function, normal muscle strength, and normal reflexes." (R. at 19.) These exam results were somewhat inconsistent with the reported intensity and frequency of Plaintiff's debilitating pain and muscle stiffness, even when considering the fluctuating nature of the symptoms. The ALJ properly supported her finding with substantial medical evidence, and therefore did not err in finding inconsistencies between Plaintiff's reported symptoms and the medical evidence.

Finally, the ALJ pointed to evidence that Plaintiff's report of the effectiveness of his treatment conflicted with the record. (R. at 20.) The ALJ cited to evidence from April and October 2020 in which Plaintiff stated that he had fewer headaches and flare-ups, and that his flare-ups began to last only one or two days. (R. at 20, 567, 583.) But, during the hearing earlier that month, Plaintiff testified that he had suffered a recent flare-up that lasted at least ten days. (R. at 48.) Further, in medical evidence, Plaintiff reported that his headaches were cured with medication. (R. at 19, 567, 572.) At the hearing, however,

Plaintiff stated that he still had debilitating headaches and that although the medication helped, it was not a cure. (R. at 44.) Therefore, the ALJ's finding that Plaintiff's testimony conflicted with the record was supported by clear and convincing evidence.

In sum, the Court finds the ALJ's reasons for discounting—but not ignoring—Plaintiff's symptom testimony were specific, clear, and sufficiently convincing for the Court not to disturb the ALJ's conclusions. See *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (internal citation omitted)). In the absence of finding material error on the part of the ALJ, the Court will affirm the ALJ's decision.

### C. The Residual Functional Capacity is Complete.

Plaintiff argues that because the RFC did not include the need for Plaintiff to take a nap, it was incomplete. (Pl. Br. at 14.) Dr. Biles responded to Plaintiff's inquiries about Plaintiff's fatigue and concluded that his original opinion did not need to be altered to include Plaintiff's reported drowsiness. (R. at 637.) Therefore, the RFC the ALJ used to evaluate Plaintiff's claim was complete.

## IV. CONCLUSION

The Court finds that the ALJ committed no legal error in (1) evaluating the medical opinion of Dr. Biles (2) discrediting Plaintiff's symptom testimony and (3) assigning an RFC.

**IT IS THEREFORE ORDERED** affirming the July 27, 2021 decision of the Administrative Law Judge.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 25th day of October, 2023.

Honorable John J. Tuchi
United States District Judge